IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **RYAN DAVIDSON,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**LIFE TIME FITNESS, INC.,**<br><br>**Defendant.** | Civil Action No. _____ |

## COMPLAINT

Plaintiff Ryan Davidson, by and through the undersigned counsel, herein asserts claims against Defendant Life Time Fitness, Inc., under the Family Medical Leave Act 29 U.S.C. § 2601 *et seq*. ("FMLA"), showing the Court as follows:

### INTRODUCTION

1. Plaintiff Davidson seeks to recover damages from his former emplmoyer, Defendant Life Time Fitness, Inc., resulting from his termination immediately after ending an approved FMLA leave. Defendant terminated Plaintiff's employment to interfere with his exercise of rights under the FMLA and in retaliation for seeking to exercise his rights under the FMLA.

## PARTIES, JURISDICTION, AND VENUE

2. This Court's jurisdiction over Plaintiff's claims under the Family Medical Leave Act is invoked under 28 U.S.C. § 1331.

3. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

4. Plaintiff is a natural person and resident of the State of Georgia.

5. Defendant Life Time Fitness, Inc., is a foreign corporation organized under the laws of the State of Minnesota and registered to do business in the State of Georgia. It may be served with process on its registered agent for service, Cogency Global, Inc., at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076.

6. Life Time Fitness, Inc., is subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS

**Plaintiff's Employment**

7. Lifetime Fitness, Inc., operates a national chain of fitness centers, mixed use and residential and commercial real estate developments, a digital fitness platform.

8. Plaintiff worked for Defendant as a sales manager in Douglasville, Georgia from approximately January 2015 through June 3, 2021, the date of his termination.

9. At all relevant times, Plaintiff was an "employee" under the FMLA.

10. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FMLA.

**FMLA Coverage**

11. Defendant employed Plaintiff throughout the twelve months immediately prior to his termination.

12. Plaintiff performed more than 1250 hours of work for Defendant throughout the twelve months immediately prior to his termination.

13. Defendant employed 50 or more employees within 75 miles of the worksite at which it employed Plaintiff each working day during each of at least twenty 20 non-consecutive calendar workweeks in 2020.

14. Defendant employed 50 or more employees within 75 miles of the worksite at which it employed Plaintiff each working day during each of at least twenty 20 non-consecutive calendar workweeks in 2021 prior to Plaintiff's termination.

15. At all relevant times, Plaintiff was an eligible employee under the FMLA.

**FMLA Violation**

16. On approximately May 18, 2021, Plaintiff began to suffer from severe and incapacitating symptoms consistent with viral or bacterial gastroenteritis.

17. On May 19, 2021, Plaintiff continued to suffer from incapacitating symptoms and called out of work sick as a result.

18. On May 20, 2021, Plaintiff's condition worsened and he contacted his physician, who instructed him to call back the following day if his condition worsened.

19. On May 21, 2021, Plaintiff's condition continued to deteriorate and he went to an urgent care center for treatment.

20. On May 23, 2021, Plaintiff's condition had not improved and he was taken to the emergency room at Northside Hospital where he received treatment for approximately 12 hours.

21. As of May 25, 2021, Plaintiff had not yet returned to work and had called in sick regularly.

22. On May 25, 2021, Plaintiff's general manager called him and told him that was being placed on medical leave and then Plaintiff was contacted by Life Time's "leave team" who provided him with FMLA leave paperwork and instructed him to return it completed within 7 days.

23. Plaintiff returned to his general practitioner on May 27, 2021, because his symptoms had not improved.

24. Plaintiff's general practitioner reviewed Plaintiff's hospital records, prescribed a broad-spectrum antibiotic, and referred Plaintiff to a gastroenterologist.

25. On the same day, Plaintiff provided the FMLA forms to his general practitioner who completed the forms and returned them to Plaintiff.

26. Plaintiff then immediately forwarded the completed FMLA forms to Life Time.

27. On May 31, 2021, Plaintiff returned to his general practitioner and obtained a return to work approval to return to work on June 1, 2021, which he then forwarded to the appropriate parties at Life Time.

28. Plaintiff's gastroenteritis was a "serious health condition" within the meaning of 29 U.S.C. § 2611 (11).

29. On June 2, 2021, Plaintiff's general manager informed Plaintiff that he could return to work on June 3, 2021 at 10:30 AM.

30. Defendant then terminated Plaintiff on June 3, 2021, immediately upon his arrival at work, claiming that he had engaged in "stealing time" from Defendant by submitting false time reports.

31. Defendant's accusation was false.

32. At all times, Plaintiff followed Defendant's regular timekeeping practices as he had been instructed.

33. Defendant deprived Smith of benefits to which he was legally entitled under the FMLA by terminating his employment and failing to reinstatement to his position upon the conclusion of his medical leave.

34. As a result of Defendant's termination of Plaintiff's employment, Plaintiff has suffered loss of employment, loss of income, and loss of other benefits.

## CLAIMS FOR RELIEF

### Count One
### Violation of 29 U.S.C. § 2615(a)(1) (FMLA Interference)

35. Pursuant to the FMLA, Plaintiff was entitled to take up to 12 weeks of unpaid medical leave due to a serious health condition and to be reinstated to his former position at the end of his medical leave.

36. Defendant terminated Plaintiff's employment to prevent him from exercising his rights under the FMLA.

37. By terminating Plaintiff's employment and failing to reinstate him to his former position, Defendant interfered with rights afforded Plaintiff by the FMLA.

38. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered loss of employment, loss of income, and loss of other benefits.

39. Plaintiff is entitled to recover the wages and benefits he has lost as a result of Defendant's unlawful conduct, and interest thereon, calculated at the prevailing rate.

40. Plaintiff is entitled to recover liquidated damages pursuant to 29 U.S.C. § 2617(a)(1).

41. Plaintiff is entitled to reinstatement in his former position.

42. Plaintiff is entitled to recover his costs of litigation, including his reasonable attorney's fees, pursuant to 29 U.S.C. § 2617(a)(3).

## Count Two
## Violation of 29 U.S.C. § 2615(a)(2) (FMLA Retaliation)

43. Plaintiff engaged in activity protected by the FMLA by taking leave in connection with a serious health condition that temporarily rendered him unable to perform the essential functions of his job.

44. Plaintiff suffered an adverse employment action when Defendant terminated his employment on June 3, 2021.

45. Defendant terminated Plaintiff's employment in retaliation for his exercise of rights provided by the FMLA.

46. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered loss of employment, loss of income, and loss of other benefits.

47. Plaintiff is entitled to recover the wages and benefits he has lost as a result of Defendant's unlawful conduct, and interest thereon, calculated at the prevailing rate.

48. Plaintiff is entitled to recover liquidated damages pursuant to 29 U.S.C. § 2617(a)(1).

49. Plaintiff is entitled to reinstatement in his former position.

50. Plaintiff is entitled to recover his costs of litigation, including his reasonable attorney's fees, pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff requests that this Court:

  (a)  Take jurisdiction of this matter;

  (b)  Grant a trial by jury as to all matters properly triable to a jury;

  (c)  Issue an Order holding that Plaintiff was an eligible employee entitled to the protections provided by FMLA;

  (d)  Issue an Order holding that Defendant unlawfully interfered with Plaintiff's exercise of his rights under the FMLA;

  (e)  Issue an Order holding that Defendant unlawfully retaliated against Plaintiff because of his exercise of rights under the FMLA;

(f) Award Plaintiff all compensation and employment benefits that he lost as a result of Defendant's unlawful conduct, plus liquidated damages;

(g) Award Plaintiff pre-judgment interest to the extent that liquidated damages are not awarded;

(h) Award Plaintiff nominal damages;

(i) Reinstate Plaintiff to his former position;

(j) Award Plaintiff his reasonable attorney's fees and costs of litigation; and

(k) Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted this 9th day of June 2021.

**DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

*/s/ Matthew W. Herrington*
Charles R. Bridgers
Georgia Bar No. 080791
Matthew W. Herrington
Georgia Bar No. 275411

101 Marietta Street NW
Suite 2650
Atlanta, GA 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

Attorneys for Plaintiff